IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRIAN L. REDDEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-CV-11-NJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on preliminary review of the Motion to Vacate, Set Aside or Correct Sentence filed by Petitioner Brian Redden pursuant to 28 U.S.C. § 2255 ("§ 2255") (Doc. 1).

**A.    Background**

On November 9, 2016, Redden pleaded guilty to possessing cocaine with intent to distribute and subsequently was sentenced to 151 months' imprisonment and 3 years' supervised release (*See* Case No. 3:16-cr-30072-NJR, Docs. 20, 36). Redden attempted to appeal his judgment, but on November 8, 2017, the Seventh Circuit Court of Appeals dismissed his appeal as frivolous. *See USA v. Redden*, 875 F.3d 374 (7th Cir. 2018). Redden subsequently filed a petition for writ of certiorari, which was denied by the United States Supreme Court on March 26, 2018. *Redden v. United States*, 138 S. Ct. 1343 (2018). Following that denial, Redden moved the Seventh Circuit to recall its mandate, but that

motion also was denied. *USA v. Redden*, No. 17-1405, Docs. 27-1, 28 (7th Cir.). Redden then filed another petition for writ of certiorari with the Supreme Court; that petition was denied on October 1, 2018. *In re Redden*, 139 S. Ct. 147 (2018).

In his current motion, filed January 3, 2019, Redden claims appointed counsel was ineffective under the Sixth Amendment by failing to investigate his criminal record and challenge the Court's use of his Illinois controlled-substance convictions to sentence him as a §4B1.1 career offender in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016) (Doc. 1). He also asserts the Seventh Circuit violated his rights under the Fifth and Sixth amendments by "unilaterally" deciding his *Mathis* claim even though the issue had not been considered by trial counsel or presented to the Court in counsel's *Anders* brief (*Id.*).

**B.    Legal Standard**

A motion under Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack" to move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255. "Section 2255 allows a federal prisoner to challenge only the legality of the original *imposition* of a sentence." *James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002); *see also Daniels v. United States*, 532 U.S. 374, 377 (2001).

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts, a judge receiving this type of motion must conduct a preliminary

review and, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

**C.     Analysis**

A preliminary review of Redden's motion shows that it must be dismissed in part, as it plainly appears that he is not entitled to relief on his claim that the Seventh Circuit Court of Appeals violated his constitutional rights.

In his second ground for relief, Redden argues that the Seventh Circuit violated his constitutional rights to due process and effective assistance of appellate counsel by unilaterally deciding whether he had a valid claim under *Mathis* when that issue was never presented to the district court or on direct appeal. Redden does not allege, however, that the Seventh Circuit's opinion implicates the legality of the original imposition of his sentence by the undersigned District Judge. Thus, it is not a proper claim under Section 2255.

Moreover, Redden's argument is an attempt to collaterally attack both the Seventh Circuit's decision not to recall its mandate, as well as the Supreme Court's denial of his second petition for writ of certiorari. Redden made this exact argument before both higher courts and was denied in both forums. Redden is now barred from relitigating that claim in his Section 2255 motion. *See, e.g.*, *Fuller v. United States*, 398 F.3d 644, 648 (7th Cir. 2005) ("In the context of § 2255 petitions, the law of the case doctrine dictates that once [the Seventh Circuit] has decided the merits of a ground of appeal, that decision establishes the law of the case and is binding on a [district court] asked to decide the same

issue in a later phase of the same case, unless there is some good reason for reexamining it.") (quotation omitted). No good reason for reexamining the issue has been presented here.

Redden's first ground for relief, however, warrants further review. Redden claims his appointed trial counsel was ineffective in failing to inform him of *Mathis*, investigate his criminal record in light of *Mathis*, and challenge his §4B1.1 career-offender classification and sentencing. *Mathis* was decided the day after Redden was indicted.

Because it does not plainly appear from the record that Redden is not entitled to relief, the Government is **ORDERED** to respond to this argument on or before **May 24, 2019**. Redden may then file a reply brief, not to exceed five pages, on or before **June 7, 2019**. If a review of the briefs indicates an evidentiary hearing is warranted, the Court will set the hearing by separate notice.

For the reasons set forth above, Ground Two of Redden's Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) is **DISMISSED**.

**IT IS SO ORDERED.**

DATED:  April 24, 2019

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**