IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRIAN L. REDDEN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 3:19-CV-11-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter comes before the Court on Petitioner Brian L. Redden's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1). For the reasons set forth below, the motion is denied.

## BACKGROUND

### I. Underlying Criminal Case

On May 20, 2016, Petitioner Brian L. Redden knowingly possessed with intent to distribute approximately 34 grams of cocaine base. *United States v. Redden*, SDIL Case No. 3:16-cr-30072-NJR, Doc. 21. On June 22, 2016, a Grand Jury returned a one-count indictment charging Redden with knowingly and intentionally possessing with intent to distribute a mixture or substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). *Id.* at Doc. 1. On July 7, 2016, Assistant Federal Public Defender Thomas C. Gabel entered his appearance as counsel for Redden. *Id.* at Doc. 14.

On November 9, 2016, Redden pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). *Id.* at Doc. 20. A probation officer

with the United States Probation Office prepared and filed a presentence investigation report ("PSR"), which calculated Redden's total offense level at 32 (before a reduction for acceptance of responsibility) pursuant to the Career Offender Guideline, U.S.S.G. § 4B1.1, on account of Redden's two prior felony controlled substance offenses. Redden had been convicted of an Illinois felony in 2010 for unlawful delivery of a controlled substance within 1,000 feet of a church (Doc. 4, ¶ 35). In 2015, Redden was convicted of another Illinois felony for unlawful possession of cannabis with intent to deliver. (Doc. 4, ¶ 36). After applying U.S.S.G. § 4B1.1(a) and a reduction for acceptance of responsibility, Redden's total offense level was 29 and his criminal history category was VI. The Guidelines recommended a range of 151 to 188 months' imprisonment.

At the sentencing hearing, counsel initially objected to the PSR's Guidelines calculation, arguing the 2015 felony was not the type of crime the career offender guideline was designed to address because it was a marijuana offense. Counsel ultimately conceded, however, that under the Guidelines the conviction was one that qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.1(a). *Id.* at Doc. 46, p. 5-6. Finding U.S.S.G. § 4B1.1(a) applied, on February 22, 2017, the undersigned sentenced Redden as a career offender to 151 months' imprisonment with three years of supervised release to follow. *Id.* at Doc. 36.

The following day, Redden filed a notice of appeal. Redden's trial counsel filed an *Anders* brief with the Seventh Circuit requesting leave to withdraw as counsel because he found no non-frivolous issues for review. *United States v. Redden*, 875 F.3d 374 (7th Cir. 2017). The Seventh Circuit granted counsel's motion in a nonprecedential order but

published a separate order to address whether Redden's 2010 felony qualified as a "controlled substance offense" for the purpose of U.S.S.G. § 4B1.1(a). *Id.* The Seventh Circuit found the 2010 felony qualified as a "controlled substance offense" and dismissed Redden's appeal as frivolous. *Id.* at 375.

On February 3, 2018, Redden filed a Petition for Writ of Certiorari with the United States Supreme Court, which was denied on March 26, 2018. *Redden v. United States*, 138 S. Ct. 1343 (2018). Redden then initiated this civil proceeding on January 3, 2019.

## II.     Section 2255 Petition

Redden filed his *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on January 3, 2019 (Doc. 1). The Court found that Ground One of Redden's petition survived preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings, and the Government filed a timely response on May 24, 2019 (Doc. 5). Redden filed a timely reply (Doc. 12).

In his petition, Redden asks the Court to vacate, set aside, or correct his sentence because his defense counsel, Mr. Gabel, was constitutionally ineffective. Specifically, Redden claims counsel was ineffective in failing to investigate Redden's criminal record and challenge the Government's use of his Illinois convictions to classify and sentence Redden as a career offender (Doc. 1).

## DISCUSSION

Title 28, Section 2255 of the United States Code requires a court to vacate, set aside, or correct the sentence of a prisoner in custody if it finds that "the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255 (2008). Habeas corpus relief under Section 2255 is reserved for extraordinary situations. *Brecht v.*

*Abrahamson*, 507 U.S. 619, 633-34 (1993); *see also Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). A petitioner can meet the threshold requirement of an extraordinary situation by demonstrating an "error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake*, 723 F.3d at 878-79 (citations omitted). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007) (citing *Kafo v. United States,* 467 F.3d 1063, 1068 (7th Cir. 2006)).

I. **Evidentiary Hearing**

An evidentiary hearing for a 28 U.S.C. § 2255 motion is only granted when "the petitioner alleges facts that, if proven, would entitle him to relief." *Kafo v. United States*, 467 F. 3d 1063, 1067 (7th Cir. 2006). But if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a hearing is not required. *Id*. For evidentiary hearing consideration, the Seventh Circuit requires a petition made pursuant to 28 U.S.C. § 2255 to "include an affidavit setting forth the specific basis for relief." *Kafo*, 467 F.3d at 1067. An affidavit accompanying the petition is a threshold requirement; "its absence precludes the necessity of a hearing." *Id.* The specific allegations in the petition and accompanying affidavit must go beyond merely unsupported assertions, as "[m]ere unsupported allegations cannot sustain a petitioner's request for a hearing." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996).

This Court finds that a hearing is not required here because the files and records

of the case conclusively show that Redden is entitled to no relief. The evidence and record do not support a finding that he was unduly prejudiced or that counsel fell below an objective standard of reasonableness in his representation. Accordingly, no evidentiary hearing is required.

## II. Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is properly raised in a Section 2255 motion because it implicates the Sixth Amendment, which provides criminal defendants the right to counsel. U.S. CONST. amend. VI. Generally speaking, counsel is ineffective when his or her conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). This Circuit has held that ineffective assistance claims are "best addressed through a motion in collateral proceeding pursuant to § 2255 because the trial record is not developed precisely for the object of litigating or preserving the claim." *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) (quotation and citation omitted).

"To demonstrate that the right to counsel was violated by ineffective assistance, a person challenging a conviction must meet the familiar two-part standard set forth in *Strickland*." *McElvaney v. Pollard*, 735 F.3d 528, 532 (7th Cir. 2013) (citing *Strickland*, 466 U.S. at 688). The petitioner must show that counsel's performance was deficient, "meaning it fell below an 'objective standard of reasonableness' informed by 'prevailing professional norms.'" *Id.* (quoting *Strickland*, 466 U.S. at 688); *see also Sussman v. Jenkins*, 636 F.3d 329, 349 (7th Cir. 2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it

deviated from best practices or most common custom.") (quoting *Harrington v. Richter*, 562 U.S. 86, 88 (2011)).

The petitioner also must show that "counsel's deficient performance prejudiced him, meaning that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McElvaney*, 735 F.3d at 532 (quoting *Strickland*, 466 U.S. at 688). When challenging a sentence, "a petitioner must show that but for counsel's errors, there is a reasonable probability that he would have received a different sentence." *Griffin v. Pierce*, 622 F.3d 831, 844 (7th Cir. 2010) (citing *Strickland,* 466 U.S. at 695). "A reasonable probability is a probability sufficient to undermine confidence" in the sentence. *Taylor v. Bradley*, 448 F.3d 942, 950 (7th Cir. 2006). It is not enough to show that the errors possibly had "some conceivable effect" on the sentence. *Strickland*, 466 U.S. at 694.

"Surmounting *Strickland*'s high bar is never an easy task." *Harrington*, 562 U.S. at 105 (quoting *Padilla v. Kentucky,* 559 U.S. 356, 371 (2010)); *see also Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006) ("[A] party bears a heavy burden in making a winning claim based on ineffective assistance of counsel."); *Sullivan v. Fairman*, 819 F.2d 1382, 1391 (7th Cir. 1987) (explaining that "few petitioners" are expected to be able to pass through the "eye of the needle created by *Strickland*").

The Court may address the elements of the *Strickland* test "in whichever order is most expedient." *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009); *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.") A

petitioner's "failure to satisfy either prong is fatal to his claim." *Ebbole v. United States*, 8 F.3d 530, 533 (7th Cir. 1993) (citing *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir. 1990)).

### A. Redden Suffered No Prejudice

Redden argues counsel was ineffective at sentencing when counsel did not investigate Redden's criminal record or challenge the U.S.S.G. § 4B1.1(a) enhancement in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). Specifically, Redden alleges that had his counsel challenged either his 2010 or 2015 felonies, "there is a reasonable probability that the outcome of Redden's sentencing would have been different." (Doc. 1, p. 11). Redden contends that his 2010 and 2015 felonies do not qualify as "controlled substance offenses" under U.S.S.G. § 4B1.2(b), therefore he should not have been sentenced under U.S.S.G. § 4B1.1(a).

Under U.S.S.G. § 4B1.1(a), defendant qualifies as a Career Offender if: "(1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a *controlled substance offense*." U.S.S.G. § 4B1.1(a) (emphasis added). To constitute a "controlled substance offense," the offense must "prohibit[] the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Redden argues the "delivery" element of the Illinois statutes he was convicted of

are overbroad compared to the definition of a "controlled substance offense" because "delivery" under Illinois law includes offers to sell and mere solicitation, and therefore cannot be used for U.S.S.G. § 4B1.2(b) purposes. Redden then argues the Illinois statutes are indivisible and, therefore, cannot be a modified categorical match for U.S.S.G. § 4B1.2(b). The Government correctly argues, however, that the Illinois statutes do not criminalize offers to sell or mere solicitation. Therefore, they are categorical matches to controlled substance offenses as defined in U.S.S.G. § 4B1.2(b).

In 2010, Redden was convicted under 720 ILCS § 570/401 which states: "[I]t is unlawful for any person knowingly to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance . . ." In 2015, Redden was convicted under 720 ILCS 550/5 which states: "it is unlawful for any person knowingly to manufacture, deliver, or possess with intent to deliver, or manufacture, cannabis." Under the categorical approach, the crime of conviction under state law can be used as a predicate federal felony if "the elements of the crime of conviction sufficiently match the elements of the generic [federal offense]." *See Mathis*, 136 S. Ct. at 2248; *see also United States v. Smith*, 921 F.3d 708, 712-16 (7th Cir. 2019) (recognizing application of the categorical and modified categorical approaches in the context of the Career Offender Guideline). Although the Illinois statutes use slightly different language than the Sentencing Guidelines, it is clear the Illinois statutes criminalize the same or narrower conduct as the Sentencing Guidelines, therefore Redden's convictions were "controlled substance offenses."

The only difference between the Illinois statutes and the Sentencing Guidelines is

the use of the word "deliver" as a conduct element under Illinois law versus the use of the words "distribution" or "dispensing" in the Sentencing Guidelines.[1] Redden argues the use of the word "deliver" in the Illinois statutes contemplates the act of selling, which is not a "controlled substance offense." *See United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016) (finding no categorical match between Texas state law and U.S.S.G. § 4B1.2(b) because the Texas law made it unlawful to *offer* a controlled substance for *sale*). As the Seventh Circuit has previously clarified, however, "deliver" is defined by the Illinois Legislature and does not include the act of selling. *Redden*, 875 F.3d at 375 ("Any conduct meeting the state's definition of 'delivery' comes within § 4B1.2(b) because 'transfer' is just another word for distribute or dispense."); *see* 720 ILCS 570/102(h) (2019) ("'Deliver' or 'delivery' means the actual, constructive or attempted *transfer* of possession of a controlled substance, with or without consideration, whether or not there is an agency relationship.") (emphasis added). Although the Seventh Circuit only addressed Redden's 720 ILCS 570/401 conviction to determine whether it was a categorical match under § 4B1.2(b), the conduct criminalized in 720 ILCS 550/5 is a categorical match to a "controlled substance offense" as well.

Redden also argues "delivery" under Illinois law includes the conduct of mere solicitation, which is overbroad compared to the Sentencing Guidelines. *See United States v. Dolt*, 27 F.3d 235, 240 (6th Cir. 1994) ("Given the [Sentencing] Commission's choice not

---

[1] *Compare* 720 ILCS 570/401 ("[I]t is unlawful for any person knowingly to manufacture *or deliver*, or possess with intent to manufacture *or deliver*, a controlled substance . . .") (emphasis added), and 720 ILCS 550/5 ("it is unlawful for any person knowingly to manufacture, *deliver*, or possess with intent *to deliver*, or manufacture, cannabis.") (emphasis added), *with* U.S.S.G. § 4B1.2(b) ("prohibits the manufacture, import, export, *distribution, or dispensing* of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, *distribute, or dispense*.") (emphasis added).

to include solicitation in § 4B1.2, we cannot say that the Commission intended solicitation to constitute a predicate 'controlled substance offense.'"). Redden relies on *People v. Strahan*, Case No. 96-CF-1352 (St. Clair Cty. Cir. Ct.), to argue 720 ILCS § 570/401 criminalizes solicitation. In *Strahan*, however, the conviction was for Solicitation of an Unlawful Delivery of a Controlled Substance under 720 ILCS 5/8-1(a), which is an inchoate attempt crime (Doc. 1, p. 63). Strahan was not convicted under 720 ILCS 570/401 or 720 ILCS 550/5. *See* 720 ILCS 5/8-5 ("No person shall be convicted of both the inchoate and the principal offense."). These two statutes, 720 ILCS 570/401 and 720 ILCS 550/5, do not criminalize "mere solicitation" and their use of the word "delivery" does not criminalize any broader conduct then U.S.S.G. § 4B1.1(a). Accordingly, the statutes are a categorical match for "controlled substance offenses," and it was proper to find the Career Offender enhancements applied.

Because Redden's 2010 and 2015 felonies qualify as "controlled substance offenses" under U.S.S.G. § 4B1.2(b), even if counsel had challenged his sentence under the U.S.S.G. § 4B1.1(a) enhancement, the results of the proceeding would not have been different. Therefore, Redden has not met the prejudice prong of the *Strickland* test.

b. **Redden's Counsel was Objectively Reasonable**

Even if Redden had been prejudiced, he has not shown his counsel was objectively unreasonable. "When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how . . . the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced. The focus of the inquiry must be on what information would have been obtained from such an investigation and whether such information, assuming its

admissibility in court, would have produced a different result." *United States ex rel. Cross v. DeRobertis*, 811 F.2d 1008, 1016 (7th Cir. 1987).

Here, Redden has made only bare allegations that counsel performed below an objective standard of reasonableness by not presenting an argument against a Career Offender enhancement. It would be counterproductive, however, to hold an attorney responsible for making frivolous arguments. *See United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2018) (holding "it would be frivolous for counsel to argue that Redden is not a career offender."). Redden's counsel did not act below an objective standard of reasonableness; therefore, Redden fails both prongs of the *Strickland* test. His Section 2255 motion must be denied.

### CERTIFICATE OF APPEALABILITY

The Court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See* FED. R. GOV. §2255 PROC. 11. A petitioner cannot appeal the denial of a Section 2255 petition unless this Court or the Court of Appeals issues a certificate of appealability. *See* FED. R. APP. P. 22(b); 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). That standard is met when the petitioner demonstrates that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *see also Welch v. United States*, 136 S. Ct. 1258, 1263 (2016). The Court will not issue a certificate of appealability because

reasonable jurists would not debate that Redden has not met either prong of the *Strickland* test for ineffective assistance of counsel.

## Conclusion

For the reasons stated above, Petitioner Brian L. Redden's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.** The Court **DECLINES** to issue a certificate of appealability. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  April 13, 2020**

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**